IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-219-BO
No. 5:12-CV-715-BO

| | |
|---|---|
| CHARLES ROBERT BAREFOOT, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's motion, and petitioner has responded to the motion to dismiss. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner, Mr. Barefoot, was sentenced on June 18, 2003, to a term of twenty-seven months' imprisonment after pleading guilty to one count of possession of a firearm by a person subject to a domestic violence restraining order in violation of 18 U.S.C. § 922(g)(8). Mr. Barefoot did not file a direct appeal. Mr. Barefoot filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on May 7, 2004, which was denied on the merits by order entered August 27, 2004. Mr. Barefoot filed a second motion pursuant to 28 U.S.C. § 2255 on November 1, 2012, and a corrected motion to vacate on November 16, 2012.

## DISCUSSION

Mr. Barefoot contends that new evidence has come to light regarding prosecutorial

misconduct. The government has moved to dismiss Mr. Barefoot's motion for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

Because the instant motion attacks the same conviction and sentence as was earlier challenged by Mr. Barefoot's prior motion to vacate, and that motion was dismissed on the merits, *see In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006), the instant motion to vacate is second or successive and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. Insofar as the instant motion could be construed as an attack on a subsequent conviction under which Mr. Barefoot is currently incarcerated, *see* 5:05-CR-166-BO, it has been inappropriately filed in this case and, in any event, would be premature as Mr. Barefoot's direct appeal of his later conviction is now pending.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is

2

debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss [DE 83] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 79] is DISMISSED for want of jurisdiction. Petitioner's motion for appointment of counsel [DE 81] and motion for court to issue order on the merits [DE 86] are DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED, this __6__ day of May, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE